IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

TIMMY HARRIS,                                    :
                                                 :
                    Plaintiff                    :
                                                 :
           VS.                                   :
                                                 :
Lieutenant CREWS, Investigator ROBERT            :
RENFROE, and Sgt. SWAIN,                         :     NO. 7:06-cv-114 (HL)
                                                 :
                    Defendants                   :     **O R D E R**
_____          :

      Plaintiff **TIMMY HARRIS**, a pretrial detainee at the Lowndes County Jail in Valdosta,

Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to

proceed *in forma pauperis* (Tab # 1).

      Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner

is generally precluded from proceeding *in forma pauperis* if at least three prior-prison generated

lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim

upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative

remedies and dismissal for abuse of judicial process are also properly counted as strikes).  28 U.S.C.

§1915(g); Fed.R.Civ.P. 12(b)(6); *see **Rivera v. Allin**, 144 F.3d 719 (11th Cir. 1998).  Section

1915(g) provides an exception to the three strike rule, under which an inmate may proceed *in forma*

*pauperis* if he alleges he is in "imminent danger of serious injury."

      The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right

to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

Dockets.Justia.com

or an inmate's right to equal protection.    Accordingly, the Eleventh Circuit upheld the

constitutionality of section 1915(g).  *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that

plaintiff has exceeded the "strikes" allowed by the PLRA to a prisoner attempting to proceed *in*

*forma pauperis* in a federal civil lawsuit.  *See Harris v. Alpha Lumber and Supply Co.*, 2:01-CV-

197-WHA (M.D. Ala. 2001); *Harris v. Shultz*, 2:01-CV-409-WHA (M.D. Ala. 2001); *Harris v.*

*Garner*, 1:06-CV-11-MEF (M.D. Ala. 2006); and *Harris v. Adams*, 1:06-CV-329-WHA (M.D. Ala.

2006).  As such, plaintiff cannot proceed *in forma pauperis* in the instant case unless he can show

that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).

Plaintiff attempts to bring himself within the "imminent danger" exception by alleging that he "fears

for his life on a daily basis" at the Lowndes County Jail because of "indirect threats." These

allegations do not amount to "imminent danger of serious physical harm."  In fact, allegations of

threats and/or verbal abuse do not even set forth viable claims under section 1983.  *See Stacey v.*

*Ford*, 554 F. Supp. (N.D. Ga. 1982); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 1999).

Because plaintiff has more than three prior dismissals and is not under imminent danger of

serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is

**DISMISSED** without prejudice.  If plaintiff wishes to bring a new civil rights action, he may do so

by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the

complaint.  As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he

must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 16th day of November, 2006.


s/    **Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE


cr